METROPOLITAN LIFE INSURANCE COMPANY, Plaintiff,

v.

Joseph E. KNIGHT, Director of Financial Institutions, State of Illinois, Defendant.

Civ. A. No. 3128.

United States District Court
S. D. Illinois, S. D.

Oct. 24, 1962.

Joseph H. Collins, Gen. Counsel, George E. Walton, Associate Gen. Counsel, New York City, Gillespie, Burke & Gillespie, Springfield, Ill., for plaintiff.

William G. Clark, Atty. Gen., State of Illinois, Lucien S. Field, Asst. Atty. Gen., Springfield, Ill., for defendant.

Before MAJOR, Circuit Judge, MERCER and POOS, District Judges.

PER CURIAM.

THIS CAUSE coming on for hearing before this Court on motion by Plaintiff for summary judgment and the Court having considered the verified complaint and answer thereto, together with the motion papers, the brief filed on behalf of the Plaintiff and the statement filed upon behalf of Defendant, by the Attorney General of the State of Illinois, admitting that Plaintiff is entitled to the relief prayed, and the Court having heard the argument of counsel finds the facts and states the conclusions of law, as follows:

## FINDINGS OF FACT

1. Plaintiff is a mutual life insurance corporation organized and existing under the laws of the State of New York, with its principal place of business at One Madison Avenue, New York, New York. Plaintiff is doing business in all of the states of the United States and in Canada and is authorized to do life, accident and health, and annuity business in the State of Illinois.

2. Defendant is Director of Financial Institutions of the State of Illinois, with his office in the Capitol Building, Springfield, Illinois, and is a citizen of the State of Illinois.

3. The jurisdiction of the Court is based on 28 U.S.C. §§ 1331, 1332, 2281 and 2284. The amount in controversy exceeds $10,000, exclusive of interest and costs, and the action is brought to enjoin the infringement of Plaintiff's right under the Constitution of the United States.

4. Pursuant to the Act of August 17, 1961, Laws 1961, P. 3426, § 1 et seq., Smith-Hurd Ann.St. Chapter 141, § 101 et seq., known as the "Uniform Disposition of Unclaimed Property Act" (herein referred to as the "Illinois Act"), Plaintiff is required to report and pay to the

Defendant all monies held and owing by Plaintiff (a) which have remained unclaimed for more than fifteen years after such monies became due and payable under insurance policies, and (b) under which the last known address of the person, according to the records of the Plaintiff, entitled to such monies is within the State of Illinois.

5. The records of Plaintiff show an aggregate amount of $698,905.83 owing by plaintiff as of December 31, 1961 to policyholders and others representing amounts which are unclaimed and have not been paid for more than fifteen years after such amounts became payable, under matured life and endowment insurance policies, to persons whose last known address, according to such records, was within the State of Illinois.

6. By the terms of the Illinois Act Plaintiff would be required to report and pay to the Defendant the aforesaid aggregate amount for the year 1962 if it were compelled to comply with the Illinois Act according to its terms.

7. The Illinois Act fails to protect Plaintiff against claims by other states for any part of those amounts which would be reported and paid to the Defendant pursuant to the Illinois Act were Plaintiff compelled to comply with the Illinois Act according to its terms.

8. In the event that Plaintiff were required to pay such amounts to the Defendant under the Illinois Act and, in addition, to pay a part or all of such amounts to other states, such multiple payments would have to be made out of Plaintiff's funds held by it as a mutual company for all its policyholders, thereby depriving Plaintiff of its property.

9. After unclaimed amounts arising under an insurance policy have been reported and paid to Defendant, Section 14 of the Illinois Act, Smith-Hurd Ann.St. Ch. 141, § 114, purports to relieve Plaintiff of all liability for any claim which then exists or which thereafter may arise or be made in respect to the amounts so paid to the Defendant; but this indemnification section of the Illinois Act fails to protect Plaintiff effectively against Multiple payments. Under such circumstances any multiple payment would have to be made out of Plaintiff's funds held by it as a mutual company for all its policyholders, thereby depriving Plaintiff of its property.

10. In the event that Plaintiff by April 30, 1962, failed to file a report to the Defendant under the Illinois Act, as aforesaid, Plaintiff would be subject to a fine up to $1,000 under Section 25 of the Illinois Act, Smith-Hurd Ann.St. Ch. 141, § 125, and for failure to pay the sums aforesaid according to the terms of the Illinois Act, Plaintiff, its officers and employees would be subject to the imposition of penalties as in the Illinois Act provided, including imprisonment.

11. A brief amicus curiae was filed by the State of New York in the case of Western Union Telegraph Company v. The Commonwealth of Pennsylvania by Gottlieb, 368 U.S. 71, 82 S.Ct. 199, 7 L.Ed.2d 139, decided by the United States Supreme Court on December 4, 1961, in which the statements were made on behalf of the State of New York that:

> "It is in Western Union's principal office in New York State that the essential elements of Western Union's liability on these obligations are grouped." and

> "New York, as the focal state of obligation, should be held to be the state which has the right to take custody of such unclaimed moneys.",

which statements were made with reference to the liabilities of the Western Union Telegraph Company with respect to money orders issued by it.

12. Legislation was introduced in the Legislature in the State of New York, and was passed by that Legislature, with respect to life insurance companies, including Plaintiff, subject to the New York Abandoned Property Law (McKinney's Consol.Laws c. 1, § 101 et seq.), which legislation would have amended said law to provide that amounts, otherwise falling within the reach of the New York Abandoned Property Law, payable to any

person whose last known address according to the records of any such life insurance corporation, was within New York would be deemed abandoned property within the meaning of that term as used in the law.

13. The Legislation so introduced and passed by the New York State Legislature was vetoed by the Governor of that State and the veto was made on the stated grounds (1) that the bill would change the jurisdictional basis upon which unclaimed moneys owing by life insurance corporations would escheat to New York from the residence of the insured person to the last known residence of the beneficiary, and (2) that this would be a departure from the jurisdictional basis asserted by New York for eighteen years prior to April 30, 1962, the date of such message, and (3) that such basis as so asserted by the State of New York had been sustained in the case of Connecticut Mut. Life Ins. Co. et al. v. Moore, 333 U.S. 541 (68 S.Ct. 682, 92 L.Ed. 863), decided in 1948, and (4) that to depart from the jurisdictional basis so claimed to have been asserted by New York, in favor of "such an untried standard as the last known address of a beneficiary, would be hazardous in view of the growing intervention of other states in this field."

14. The "Uniform Disposition of Unclaimed Property Act", drafted by the National Conference of Commissioners on Uniform State Laws and by it approved and recommended for enactment in all of the states at its Annual Conference Meeting in 1954 and approved by the American Bar Association at its Meeting in 1954, in relation to life insurance companies, provided that unclaimed property as defined in the Uniform Act should be presumed abandoned if the last known address, according to the records of the corporation, of the person entitled to the funds was within the state enacting the Uniform Act.

15. The abandoned property laws of all of the states, including the State of Illinois, other than New York, having escheat laws applicable to life insurance companies relate to claims, otherwise coming within the purview of the laws, of persons whose last known address, according to the records of such companies, is within the particular state in question.

16. That the decision of the United States Supreme Court, in the case of Western Union Tel. Company v. The Commonwealth of Pennsylvania, supra, has required the initiation of litigation and the taking of other steps by Plaintiff to protect the interests of Plaintiff in various other respects.

17. As a result of conflicting claims for the amounts owing by Plaintiff as of December 31, 1961, as aforesaid, by the State of Illinois under the Illinois Act, on the one hand and the State of New York, and other states under their respective statutes, on the other hand, Plaintiff is in danger of having to pay a part or all of those amounts to more than one state.

## CONCLUSIONS OF LAW

1. The Illinois Act violates the Fourteenth Amendment of the Constitution of the United States because the Act and its enforcement by Defendant with respect to the amounts owing by Plaintiff as of December 31, 1961, as set forth in the Findings of Fact, would deprive Plaintiff of its property without due process of law.

2. Plaintiff is in danger, as aforesaid, of a violation of its rights under the Constitution of the United States.

3. As a result of the provisions of the Illinois Act and the claim of the State of Illinois thereunder and the potential claims of the State of New York and other states, other than the State of Illinois, to all or a part of the amounts owing by Plaintiff as of December 31, 1961, as set forth in the Findings of Fact, Plaintiff is in danger of suffering substantial and irreparable damage.

4. The Plaintiff has no adequate remedy at law for the violation and infringement of its rights under the Constitution of the United States.

5. Plaintiff is entitled to a judgment, which the Court has entered contempo-

raneously herewith, (1) enjoining the Defendant from requiring Plaintiff to report and pay, as set forth in the Findings of Fact, under the Illinois Act and from enforcing in any other manner the terms of the said Act, and (2) declaring the Illinois Act unconstitutional, as applied to Plaintiff.